### ATLANTIC TRUST CO. v. POWELL et al.

(Supreme Court, Special Term, New York County. April 4, 1898.)

1. EXECUTOR—INVESTMENTS—LOSSES—LIABILITY.

An executor, acting in good faith, with the same care which he bestowed upon his own investments, loaned money belonging to his deceased sister's estate on real estate, which was at the time adequate security for the loan. *Held*, that he was not liable for losses arising from depreciation in the value of the property occurring after the investment, and caused by a general depression in prices.

2. SAME—BENEFICIARIES—INCOME—ADVANCES—RECOVERY.

Advances on account of income made by an executor to beneficiaries under a will cannot be recovered of the estate.

3. SAME—TAXES—FORECLOSURE EXPENSES—INSURANCE—ADVANCES—RECOVERY.

An executor may recover of the estate sums advanced by him for taxes, water rents, expenses of foreclosure, and insurance, on property foreclosed by him for the benefit of the estate.

4. SAME—INDEBTEDNESS—SET-OFF.

The amount of a note given by an executor to himself as trustee for the estate may be set off against the amount due him for commissions and money expended on the property of the estate.

Action by the Atlantic Trust Company, as trustee under the will of Elizabeth W. Whitlock, deceased, against Wilson M. Powell, William H. Willits, and John M. Rider, as executors of Benjamin M. White, deceased. Judgment for the defendants.

Hand, Bonney, Pell & Jones (C. A. Hand, of counsel), for plaintiff. John M. Scribner, for defendants Powell, Willits, and Rider.

FREEDMAN, J. The plaintiff, by this action, seeks to make the estate of Benjamin M. White, deceased, responsible for losses alleged to have been sustained by the estate of Elizabeth W. Whitlock, deceased, in consequence of certain investments made by the said Benjamin M. White, while acting as executor and trustee under the will of his sister, the said Elizabeth W. Whitlock. The said Benjamin M. White died February 1, 1894; and in April, 1894, the defendant Wilson M. Powell was, by an order of this court, appointed trustee in his place. Mr. Powell resigned as such trustee, and by a further order of this court, dated November 2, 1895, the plaintiff was appointed trustee in his stead, under the will of Elizabeth W. Whitlock, deceased. Benjamin M. White, by his own last will and testament, made the defendants Powell, Willits, and Rider executors of his estate. The trust funds which came into the hands of Benjamin M. White in the year 1883, when he became sole surviving trustee of the estate of his sister Elizabeth W. Whitlock, amounted altogether to $31,000. The plaintiff, on its appointment as trustee, received from the defendant Wilson M. Powell, the resigning trustee, certain assets then composing the trust estate, as follows: (1) Bond and mortgage made by Frances J. Annam and her husband, $5,500; (2) bond of Mary J. Bolton (one of the defendants) and her husband, $1,000; (3) note of B. M. White, dated November 1, 1892, $500; (4) deed of Nos. 26 and 28 Chapel street, Brooklyn, premises purchased by B. M. White, trustee, on foreclosure of mortgage, $18,000; (5) deed of No. 73 Furman street, Brooklyn,

title to which was also acquired by mortgage foreclosure, $6,600. As to the bond and mortgage made by Frances J. Annam and her husband, it is conceded that they are good security for the money loaned, and that the interest on them has been regularly paid. The loan on the bond of Mary J. Bolton and her husband was not made by the trustee, but by the testatrix herself, and all claim on account thereof was withdrawn by plaintiff's counsel on the trial. The note for $500, made by White individually to himself as trustee, is admitted to be chargeable against the defendants; and the only question as to it is whether it is not to be set off against the amount established by the defendants as a counterclaim. This will be considered later on. The only remaining claims of the plaintiff relate to the investment of $18,-000 in the premises 26 and 28 Chapel street, and of $6,000 in the premises 73 Furman street. As to premises 26 and 28 Chapel street, the investment was originally made by loans on mortgage, viz. a mortgage dated February 28, 1888, for $13,000, and a mortgage dated May 29, 1890, for $5,000. These mortgages were foreclosed, and the trustee was compelled to bid in the property. He received therefor a sheriff's deed, dated December 5, 1892, and took title to himself, as sole surviving executor, etc., of Elizabeth W. Whitlock, the consideration expressed in the deed being $18,000, the aggregate principal sum secured by the two mortgages foreclosed. As to premises 73 Furman street, the investment originated in a loan of $6,000, in December, 1883. This mortgage was foreclosed, and the loan renewed to the purchaser upon the sale. The second mortgage was foreclosed, and the loan renewed to a new purchaser upon the sale. The third mortgage was in process of foreclosure at the time of Mr. White's death. Thereafter the foreclosure was completed, and the property bid in at the sale for the benefit of the trust estate for the expressed consideration of $6,600. From 1883 down to the time of the foreclosure of the last mortgage, 6 per cent. interest was realized on the investment.

It is claimed that these investments of $18,000 and $6,000, respectively, were not made by Mr. White with the care or prudence incumbent upon him as trustee; but, on the contrary, the same were negligently made, and the securities taken for these loans were inadequate; that the investments so made by Mr. White, as trustee, were improvident and disastrous, and have so resulted that no income whatever has been realized by the beneficiaries under Mrs. Whitlock's will for the entire period between the date of White's decease and the appointment of the plaintiff as trustee; and the plaintiff charges that substantial realization of the same by plaintiff of the assets turned over to it is precarious and doubtful. But it is not claimed that Mr. White was guilty of any dishonesty or bad faith. The question, therefore, is whether he acted with reasonable prudence in making the loans. The evidence shows that he invested his dead sister's money on like security as he did his own money and his living sister's money. He was doubtless actuated by a desire to secure for the children of his deceased sister, his own nieces, who are the beneficiaries named in the fourth clause of the will of Elizabeth W. Whitlock, the best possible income consistent with the safety of the principal; and the loans secured by the mortgages in question bore 6 per cent. interest, which Mr.

White regularly paid to said nieces down to the time of his death. That Mr. White himself believed the property to be valuable, and the security good, is shown by the fact that he continued to pay to the said beneficiaries interest out of his own funds after the foreclosures, just as if the mortgages were still existing. He, no doubt, expected to reimburse himself out of future rents, or from the proceeds of subsequent sales. He bought in the property on foreclosure to prevent any loss to the estate he represented, and that he acted with good judgment in the matter of such purchases is shown by the testimony of the expert witnesses called by the defendants. The weight of the evidence is that, at the time the loans were originally made, the Chapel street and Furman street premises were adequate security, even if it be held that it was the duty of Mr. White to loan no more upon them than about two-thirds of their respective values; that since that time their values have become depreciated by reason of changes in the neighborhood, over which Mr. White had no control; that Mr. White since that time did the best he could do under adverse circumstances; that at the time of his death, in February, 1894, the premises were still worth substantially all they had cost; and that since his death, owing to the depressed condition in the market, such a depreciation has occurred in nearly all Brooklyn property as to make it difficult to derive a suitable income from the premises in suit. Now, Mr. White's estate clearly cannot be held for the effects of the general depreciation which occurred after his death, and up to the time of his death he appears to have done all he could do, provided the loans, when originally made, constituted proper investments; and as to that the weight of the evidence is that they did. The result may therefore be an unfortunate one to the beneficiaries under the will of Mrs. Whitlock, but, under the circumstances of this case, the estate of Mr. White should not be held liable on the theory that the investments were originally improper. The law does not require infallibility of any trustee.

The rule is that a trustee will not be held responsible for any losses in the management of the trust property, so long as he acted in good faith, in the exercise of a fair discretion, and in the same manner as he would ordinarily do in regard to his own property. 2 Story, Eq. Jur. p. 154, § 1272. "If a more stringent rule be applied as to the responsibility of trustees, the trust would defeat itself by deterring thoughtful, honest, and prudent men from engaging in the discharge of duties so hazardous and so burdensome. When one has faithfully endeavored to execute a trust, it would be both unreasonable and inequitable to make him an insurer against losses from casualties and misfortunes which ordinary sagacity could not prevent." Roosevelt v. Roosevelt, 6 Abb. N. C. 447, 453. Substantially to the same effect are Ormiston v. Olcott, 84 N. Y. 339, 347; Crabb v. Young, 92 N. Y. 56; Higgins v. Whitson, 20 Barb. 141, 146; Scott v. Depeyster, 1 Edw. Ch. 513, 534, 535; Thompson v. Brown, 4 Johns. Ch. 619, 628, 629. The law being as stated, the evidence is clearly insufficient to hold the estate of Mr. White liable.

The questions still remaining relate to the counterclaims of the defendants. Advances made by Mr. White to the beneficiaries under Mrs. Whitlock's will on account of income are not recoverable from

the plaintiff or its trust.    There is no proof to sustain the counterclaim for commissions on income.    In his dealings with the beneficiaries under Mrs. Whitlock's will, up to the very last, Mr. White rendered to them no detailed account, but he sent them a brief statement showing that he was paying to them what he considered their due as a finality.    The counterclaim for half commissions on the principal of the estate should be sustained.    To that the defendant trustees are clearly entitled.    It also appears that, after the mortgages on 26 and 28 Chapel street were foreclosed, and the property bought in for the benefit of the trust estate, Mr. White paid $1,413.72 for taxes, water rents, and expenses of foreclosure, and the additional sum of $16 for insurance on said premises.    These amounts should be allowed, with interest.    With the exception of the foregoing items expressly allowed, the counterclaims should be disallowed, and the amount due on the note of $500, hereinbefore referred to, may be set off against the amounts due on the counterclaims sustained.

Let a decision and judgment be settled on notice in conformity with the foregoing views.